IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LORI KWOCK, ) | CIVIL NO. 05-00241 HG-BMK |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANTS'** |
| ) | **MOTION TO DISMISS AS TO** |
| vs. ) | **DEFENDANT DONNA WHITFORD IN** |
| ) | **HER INDIVIDUAL CAPACITY** |
| STATE OF HAWAII DEPARTMENT OF ) | |
| EDUCATION; MITSUGI NAKASHIMA, ) | |
| Chairman of State of Hawaii ) | |
| Department of Education; ) | |
| PATRICIA HAMAMOTO, ) | |
| Superintendent of Public ) | |
| Schools; DONNA WHITFORD, ) | |
| Complex Area Superintendent; ) | |
| MAUREEN SUZUKI, Personnel ) | |
| Management Specialist; ROBYN ) | |
| HONDA, Personnel Regional ) | |
| Officer; JAMIE YAP, Principal ) | |
| of Maui Waena Intermediate ) | |
| School; JOHN DOES 1-10; and ) | |
| JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO DEFENDANT
DONNA WHITFORD IN HER INDIVIDUAL CAPACITY**

This is an unlawful discrimination and Americans with Disability Acts case. Plaintiff Lori Kwock ("Plaintiff"), a Hawaiian female, was a teacher in the Hawaii state school system. Plaintiff contends that she suffers from a medical condition which affects her ability to use her voice. Plaintiff contends that the Hawaii State Department of Education illegally terminated her after it failed to accommodate her medical condition in violation of her civil rights. Plaintiff also contends that the Defendants illegally discriminated and

retaliated against her for asserting her civil rights.

Plaintiff has sued the State of Hawaii Department of Education along with a number of individuals in both their individual and official capacities, including Defendant Donna Whitford, the Maui Complex Area Superintendent. Plaintiff served Defendant Whitford by leaving a copy of the Summons and Complaint with Whitford's secretary at her place of employment. This does not constitute personal service as required by Fed. R. Civ. P. 4. Because Whitford has not been properly served, pursuant to Fed. R. Civ. P. 4(m), the Court dismisses, without prejudice, the Complaint against Whitford in her individual capacity.

## PROCEDURAL HISTORY

On April 7, 2005, Plaintiff filed the Complaint against Defendants.

On April 15, 2005, Plaintiff served Defendant Whitford with the Summons and Complaint by leaving it with her secretary at her place of business.

Defendant Whitford has never filed an answer in her individual capacity or otherwise appeared in this action in her individual capacity.

On February 8, 2006, Defendants filed a Motion to Dismiss, seeking to dismiss Defendant Whitford in her individual capacity.

On March 2, 2006, Plaintiff filed a Memorandum in Opposition to Defendants' Motion to Dismiss Donna Whitford as a Defendant.

On March 7, 2006, Defendants filed a reply.

On March 20, 2006, this matter came on for hearing.

## BACKGROUND

The following background facts are based on the Complaint:

The Complaint contains eleven counts alleging violations of Title IX, 20 U.S.C. § 1681(a)[1] (Counts 1 and 2); 42 U.S.C. §§ 1981 and 1981A (Count 4); 42 U.S.C. § 1985 (Count 5); 42 U.S.C. § 1986 (Count 6); 42 U.S.C. § 1983 (Count 7); Title VII, 42 U.S.C. § 2000e (Count 9); The Americans with Disabilities Act, 29 U.S.C. §§ 794 and 794(a) (Count 10); intentional infliction of emotional distress (Count 3); and the State of Hawaii Fair Employment Act, Haw. Rev. Stat. Sections 368 and 378 (Count 8).  Plaintiff also seeks punitive damages (Count 11).

The Complaint alleges that Defendant Hawaii State Department of Education (DOE) employed Plaintiff as a teacher since 1982 and that the DOE illegally fired her on March 18, 2004. (Compl. at ¶¶ 12, 58.)

Plaintiff contends that, on November 9, 2000, she informed Defendant Whitford that she had a medical problem with her voice due to two nodules on her vocal chords.  (Compl. at ¶¶ 15, 16.) Plaintiff requested alternative positions with the DOE to accommodate her medical condition.  (Compl. at ¶¶ 18, 22.)  In

---

[1] The Complaint incorrectly cites to "20 U.S.C. Section 161(a)".

3

particular, Plaintiff told Defendant Whitford, the Maui Complex Area Superintendent, that she was interested in an available Comprehensive Student Support System Resource Teacher position. (Compl. at ¶ 22.) Plaintiff was interviewed for the position, but another applicant was chosen. The DOE Personnel Regional Officer, Defendant Robyn Honda, told Plaintiff she could not apply for transfers to positions for which she was not certified. (Compl. at ¶ 28.)

In April 2001, Defendant Whitford suggested that Plaintiff apply for other positions. (Compl. at ¶ 29.) Plaintiff applied, and was interviewed, for other positions, but was not selected for those positions. (Compl. 33-35.) On June 1, 2001, Defendant Whitford offered Plaintiff a job as a counselor. (Compl. at ¶ 38.) On August 6, 2001, Plaintiff began working as a counselor. (Compl. at ¶ 40.) In January 2002, Plaintiff was assigned to another counselor position. (Compl. at ¶ 42.) Plaintiff makes various complaints about her treatment while she worked as a counselor (Compl. at ¶¶ 54-56.) The DOE eventually terminated Plaintiff on March 18, 2004 (Compl. at ¶ 58.)

## **ANALYSIS**

Defendants contend that Defendant Whitford should be dismissed in her individual capacity because she was not personally served with the Complaint as required by Fed. R. Civ. P. 4. Alternatively, Defendants contend that Whitford should be

dismissed in her individual capacity as to her alleged violations of Titles IX and VII.

## I.  Plaintiff Did Not Properly Serve Defendant Whitford in Her Individual Capacity

It is undisputed that Plaintiff served Defendant Whitford by leaving the Summons and Complaint with her secretary at her place of employment (Lokelani Intermediate School).  By letter dated June 9, 2005, Defendants advised Plaintiff's attorney that no responsive pleading would be filed for Defendant Whitford, in her individual capacity, because she had not been personally served with the Complaint (Motion at Exhibit A.)

Fed. R. Civ. P. 4 requires a plaintiff to perfect personal service on each defendant.  A federal court does not have jurisdiction over a defendant unless the defendant has been properly served.  See Direct Mail Specialists, Inc. v. Eclat Computerized Techs. Inc., 840 F.2d 685, 688 (9th Cir. 1988).

Fed. R. Civ. P. 4(e) provides that service upon an individual may be made "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode . . . or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  Plaintiff did not serve Defendant Whitford in accordance with Rule 4(e).

Plaintiff filed her Complaint on April 7, 2005.  Under Fed.

R. Civ. P. 4(m) service must be perfected within 120 days of filing a complaint. In this case, Plaintiff was required to perfect service by August 5, 2005. Over seven months later, and despite notice from Defendants, Plaintiff has still not properly served Defendant Whitford in her individual capacity.

Under Fed. R. Civ. P. 4(m) "the court, upon motion or on its own initiative . . . shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." The time for service has long passed and Plaintiff has not shown good cause for her failure to serve Defendant Whitford or for her failure to request an extension of time to serve Defendant Whitford within the 120 days allowed by Rule 4(m).

The Court dismisses, without prejudice, the Complaint against Defendant Whitford, in her individual capacity, for lack of proper service.

**II. There Is No Individual Liability Under Title IX or Title VII**

While the Court need not reach this issue for the purposes of disposing with the present motion, Defendants are correct that there is no individual liability under Title IX or Title VII.

By its plain language and Supreme Court precedent, Title IX is directed at institutional recipients of federal financial

assistance and applies only to those grant recipients.  See 20 U.S.C. 1681(a) (prohibits sex discrimination at "any education program or activity receiving Federal financial assistance"); Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 641, 119 S. Ct. 1661, 1670, 143 L.Ed.2d 839 (1999) ("The government's enforcement power may only be exercised against the funding recipient."); Nat'l Collegiate Athletic Ass'n v. Smith, 525 U.S. 459, 119 S. Ct. 924, 142 L.Ed.2d 929 (1999) (holding that the NCAA was not subject to suit under Title IX, despite the indirect benefit it received from federal education grants, because it was not a grant recipient).   As the Court in Sherez v. State of Hawai'i Dept. of Educ., 396 F. Supp. 2d 1138, 1145 (D. Haw. 2005) observed, "courts have consistently concluded that Title IX does not subject school officials to liability in their individual capacities" (citing Soper v. Hoben, 195 F.3d 845, 854 (6th Cir. 1999); Kinman v. Omaha Public School Dist., 171 F.3d 607 (8th Cir. 1999); Floyd v. Waiters, 133 F.3d 786, 789 (11th Cir.), vacated and remanded, 525 U.S. 802, 119 S. Ct. 33, 142 L.Ed.2d 25 (1998); Lipsett v. University of Puerto Rico, 864 F.2d 881, 901 (1st Cir. 1988); Smith v. Metropolitan School Dist. Perry Township, 128 F.3d 1014, 1019 (7th Cir. 1997)).

Title VII prohibits employers from engaging in discriminatory employment practices.  See 42 U.S.C. § 2000e-2. Individual employees, including supervisors, are not liable as

employers under Title VII.  See <u>Miller v. Maxwell's Int'l Inc.</u>, 991 F.2d 583 (9th Cir. 1993).

Counts 1 and 2 allege violations of Title IX and Count 9 alleges a violation of Title VII.  The Court observes that Plaintiff cannot state a claim against any of the individual defendants in their individual capacities with respect to the causes of action alleged in these counts.

### CONCLUSION

For the foregoing reasons:

(1)  Defendants' Motion to Dismiss (Doc. 43) is **GRANTED**;

(2)  The Court **DISMISSES WITHOUT PREJUDICE** the Complaint against Defendant Donna Whitford, in her individual capacity, for lack of proper service; and

(3)  The Court **GRANTS** Plaintiff thirty (30) days from date of the filing of this Order to amend her Complaint.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, March 24, 2006.



_____
Helen Gillmor
Chief United States District Judge

_____
<u>KWOCK V. STATE OF HAWAII DEPARTMENT OF EDUCATION, et al.</u>; Civil No. 05-00241 HG-BMK; **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AS TO DEFENDANT DONNA WHITFORD IN HER INDIVIDUAL CAPACITY**